```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA,                :    25cr41(DLC)
                                         :
          -v-                            :    ORDER
                                         :
SAMUEL GONZALEZ CASTRO, EFERSON          :
MORILLO-GOMEZ, and JARWIN                :
VALERO-CALDERON,                         :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f), to confirm the Government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. Id. at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The Government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after its existence becomes known to the Government, so as to enable the defense to make effective use of the information in the preparation of its case.

The Government must also disclose information that can be used to impeach the trial testimony of a Government witness. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.

For purposes of this Order, the Government includes federal, state, and local law-enforcement officers and other officials who have participated in the investigation and prosecution of the offense or offenses with which the defendant is charged. The Government has an obligation to seek from these sources all information subject to disclosure under this Order.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

Dated: New York, New York
       February 3, 2025

_____
DENISE COTE
United States District Judge