UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>JARWIN VALERO-CALDERON,<br>SAMUEL GONZALEZ CASTRO,<br>EFERSON MORILLO-GOMEZ,<br>BRAYAN OLIVEROS-CHERO,<br>SANDRO OLIVEROS-CHERO, and<br>ARMANDO JOSE PEREZ GONZALEZ,<br><br>                    *Defendants.* | [Proposed] Protective Order<br><br>S1 25 Cr. 41 (DLC) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material."

3. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any

2

Case 1:25-cr-00041-DLC Document 45-1 Filed 07/17/25 Page 3 of 10

personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein. APO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

6. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible. AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

## Other Provisions

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

2023.11.26

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from: **JARWIN VALERO-CALDERON, SAMUEL GONZALEZ CASTRO, EFERSON MORILLO-GOMEZ, BRAYAN OLIVEROS-CHERO, SANDRO-OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ**. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI.

12. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

2023.11.26

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: __/s/ Jun Xiang__   Date: ___4/22/2025___
  **Jun Xiang**
  Assistant United States Attorney

  _/s/ Thomas Dunn_   Date: ___7/9/2025___
  **Thomas Dunn, Esq.**
  Counsel for **Jarwin Valero-Calderon**

  _____   Date: _____
  **Patrick Joyce, Esq.**
  Counsel for **Samuel Gonzalez Castro**

  _____   Date: _____
  **Joan Loughnane, Esq.**
  Counsel for **Eferson Morillo-Gomez**

  _____   Date: _____
  **Stephen Turano, Esq.**
  Counsel for **Brayan Oliveros-Chero**

  _____   Date: _____
  **Steven Brill, Esq.**
  Counsel for **Sandro Oliveros-Chero**

  _____   Date: _____
  **Lorraine Gauli-Rufo, Esq.**
  Counsel for **Armando Jose Perez Gonzalez**

SO ORDERED:
Dated:  New York, New York
     July 18, 2025

_____
THE HONORABLE **DENISE L. COTE**
UNITED STATES DISTRICT JUDGE

2023.11.26

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by:   /s/ Jun Xiang                        Date:    4/22/2025
     **Jun Xiang**
     Assistant United States Attorney

                                            Date:   _____

    _____
    **Thomas Dunn, Esq.**
    Counsel for **Jarwin Valero-Calderon**

                                            Date:   6/13/25
    _____
    **Patrick Joyce, Esq.**
    Counsel for **Samuel Gonzalez Castro**

                                            Date:   _____
    _____
    **Joan Loughnane, Esq.**
    Counsel for **Eferson Morillo-Gomez**

                                            Date:   _____
    _____
    **Stephen Turano, Esq.**
    Counsel for **Brayan Oliveros-Chero**

                                            Date:   _____
    _____
    **Steven Brill, Esq.**
    Counsel for **Sandro Oliveros-Chero**

                                            Date:   _____
    _____
    **Lorraine Gauli-Rufo, Esq.**
    Counsel for **Armando Jose Perez Gonzalez**

SO ORDERED:
Dated:  New York, New York
        _____

        _____
                                            THE HONORABLE **DENISE L. COTE**
                                            UNITED STATES DISTRICT JUDGE

5

2023.11.26

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: ___/s/ Jun Xiang_____         Date: ___4/22/2025___
    **Jun Xiang**
    Assistant United States Attorney

    _____         Date: _____
    **Thomas Dunn, Esq.**
    Counsel for **Jarwin Valero-Calderon**

    _____         Date: _____
    **Patrick Joyce, Esq.**
    Counsel for **Samuel Gonzalez Castro**

    _/s/ Joan Loughnane_         Date: ___5/22/2025___
    **Joan Loughnane, Esq.**
    Counsel for **Eferson Morillo-Gomez**

    _____         Date: _____
    **Stephen Turano, Esq.**
    Counsel for **Brayan Oliveros-Chero**

    _____         Date: _____
    **Steven Brill, Esq.**
    Counsel for **Sandro Oliveros-Chero**

    _____         Date: _____
    **Lorraine Gauli-Rufo, Esq.**
    Counsel for **Armando Jose Perez Gonzalez**

SO ORDERED:
Dated:   New York, New York
    _____

                                             THE HONORABLE **DENISE L. COTE**
                                             UNITED STATES DISTRICT JUDGE

2023.11.26

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: ___/s/ Jun Xiang___   Date: ___4/22/2025___
    **Jun Xiang**
    Assistant United States Attorney

_____   Date: _____
**Thomas Dunn, Esq.**
Counsel for **Jarwin Valero-Calderon**

_____   Date: _____
**Patrick Joyce, Esq.**
Counsel for **Samuel Gonzalez Castro**

_____   Date: _____
**Joan Loughnane, Esq.**
Counsel for **Eferson Morillo-Gomez**

___[signature]___   Date: ___5/20/25___
**Stephen Turano, Esq.**
Counsel for **Brayan Oliveros-Chero**

_____   Date: _____
**Steven Brill, Esq.**
Counsel for **Sandro Oliveros-Chero**

_____   Date: _____
**Lorraine Gauli-Rufo, Esq.**
Counsel for **Armando Jose Perez Gonzalez**

SO ORDERED:
Dated:  New York, New York
_____

 

                                                  THE HONORABLE **DENISE L. COTE**
                                                UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: ___/s/ Jun Xiang_____          Date:    4/22/2025
   **Jun Xiang**
   Assistant United States Attorney

                                        Date: _____
   _____
   **Thomas Dunn, Esq.**
   Counsel for **Jarwin Valero-Calderon**

                                        Date: _____
   _____
   **Patrick Joyce, Esq.**
   Counsel for **Samuel Gonzalez Castro**

                                        Date: _____
   _____
   **Joan Loughnane, Esq.**
   Counsel for **Eferson Morillo-Gomez**

                                        Date: _____
   _____
   **Stephen Turano, Esq.**
   Counsel for **Brayan Oliveros-Chero**

   *Steven Brill*                       Date:    May 19, 2025
   _____
   **Steven Brill, Esq.**
   Counsel for **Sandro Oliveros-Chero**

                                        Date: _____
   _____
   **Lorraine Gauli-Rufo, Esq.**
   Counsel for **Armando Jose Perez Gonzalez**

SO ORDERED:
Dated:   New York, New York
         _____

                                        _____
                                        THE HONORABLE **DENISE L. COTE**
                                        UNITED STATES DISTRICT JUDGE

5

2023.11.26

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by:   /s/ Jun Xiang                              Date:   4/22/2025
**Jun Xiang**
Assistant United States Attorney

                                                Date:
**Thomas Dunn, Esq.**
Counsel for **Jarwin Valero-Calderon**

                                                Date:
**Patrick Joyce, Esq.**
Counsel for **Samuel Gonzalez Castro**

                                                Date:
**Joan Loughnane, Esq.**
Counsel for **Eferson Morillo-Gomez**

                                                Date:
**Stephen Turano, Esq.**
Counsel for **Brayan Oliveros-Chero**

                                                Date:
**Steven Brill, Esq.**
Counsel for **Sandro Oliveros-Chero**

*Lorraine Gauli-Rufo*                          Date:   5/19/2025
**Lorraine Gauli-Rufo, Esq.**
Counsel for **Armando Jose Perez Gonzalez**

SO ORDERED:
Dated:   New York, New York

 

                                                      THE HONORABLE **DENISE L. COTE**
                                                    UNITED STATES DISTRICT JUDGE